**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Khamphay SOUVANNARATH,
Defendant-Appellant.**

**No. 17-6103**

United States Court of Appeals,
Tenth Circuit.

Filed January 19, 2018

(D.C. Nos. 5:16-CV-00476-R and 5:04-CR-00173-R-1) (W.D. Oklahoma)

Timothy W. Ogilvie, Esq., Office of the United States Attorney, Western District of Oklahoma, Oklahoma City, OK, for Plaintiff-Appellee

Khamphay Souvannarath, Pro Se

Before MATHESON, KELLY, and MURPHY, Circuit Judges.

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Michael R. Murphy, Circuit Judge

Khamphay Souvannarath seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion. His appointed counsel moves for leave to withdraw in a brief filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We **deny** Souvannarath's request for a COA, **grant** counsel's motion to withdraw, and **dismiss** the appeal.

Souvannarath was convicted of possession with intent to distribute methamphetamine and being a felon in possession of a firearm. The district court determined Souvannarath was a career offender under the United States Sentencing Guidelines and, thus, enhanced his sentence pursuant to USSG § 4B1.1. Souvannarath's sentence was affirmed by this court on direct appeal. *United States v. Souvannarath*, 158 Fed.Appx. 984, 987 (10th Cir. 2005) (unpublished disposition).

Souvannarath filed the instant § 2255 motion on May 6, 2016. Relying on *Johnson v. United States*, he argued his advisory guidelines range was unlawfully enhanced through application of the residual clause in USSG § 4B1.2(a). *See* — U.S. ——, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015) (holding the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act violates a defendant's due process rights because the clause is unconstitutionally vague). While Souvannarath's § 2255 motion was pending, the Supreme Court decided *Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 892, 197 L.Ed.2d 145 (2017), holding the Sentencing Guidelines are not subject to vagueness challenges under the Fifth Amendment's due process clause. Based on *Beckles*, the district court denied Souvannarath's motion.

A federal prisoner may not appeal the denial of habeas relief under § 2255 unless he first obtains a COA. § 2253(c)(1)(B). This court will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Under this standard, Souvannarath must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

Souvannarath's counsel has submitted an *Anders* brief. Under *Anders*, if an attorney concludes after conscientiously ex-

amining a case that any appeal would be frivolous, he may so advise the court and request permission to withdraw. 386 U.S. at 744, 87 S.Ct. 1396. In conjunction with such a request, counsel must submit a brief highlighting any potentially appealable issues and provide a copy to the defendant. *Id.* The defendant may then submit a *pro se* brief. *Id.* If, upon careful examination of the record, this court determines the appeal is frivolous, it may grant the request to withdraw and dismiss the appeal. *Id.*

We agree with counsel that any appeal of the district court's order denying habeas relief would be frivolous. A *Johnson* claim challenging an advisory guidelines sentence[1] imposed under the residual clause of USSG § 4B1.2(a) is squarely foreclosed by *Beckles*. 137 S.Ct. at 892 ("[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."). Neither Souvannarath's pro se brief nor our independent review of the record has uncovered any other potentially meritorious issues.

Accordingly, we **deny** Souvannarath's request for a COA, **grant** counsel's motion to withdraw, and **dismiss** the appeal.

---

1. At the time Souvannarath was sentenced, the Sentencing Guidelines were no longer considered mandatory. *United States v. Booker*, 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (holding the Sentencing Guidelines are advisory only). The district court affirmatively acknowledged the advisory nature of the Guidelines when it sentenced Souvannarath.